## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND, INDIANA

| | |
|---|---|
| LATANYA IVENS | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Cause No.: 3:21-cv-705 |
| | ) |
| GK NORTH CHILDCARE CORP. | ) |
| | ) |
| **Defendant,** | ) |

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, name-above, complains of act and omissions by the Defendant. In support of her Complaint and as cause of action against the Defendant, Plaintiff respectfully submits the following:

### JURISDICTION

1. This suit is authorized and instituted pursuant to Title VII 42 U.S.C. § 2000e. and 42 U.S.C. § 1981 as amended by the Civil Rights Act OF 1991; the Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5., the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq., 28 U.S.C. §§ 1331 and 1343.

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission (EEOC) and received a notice to sue on June 24, 2021.

### PARTIES

3. Plaintiff is an African-American disabled female and at all relevant times she resided in the Northern District of Indiana.

4. Defendant is a corporation doing business in the State of Indiana in the Northern District of Indiana.

## FACTS

5. Plaintiff began working for the Defendant in December of 2002.

6. Plaintiff suffers from a disability.

7. Plaintiff performed her job well.

8. Plaintiff applied for the Building Director position previously and was denied due to not having a Bachelors degree.

9. In March of 2020, Plaintiff was diagnosed with Lupus.

10. Plaintiff became very ill, and informed her employer she may need time off and accommodations due to her disability.

11. Defendant stated to wait to ask for time off, and furloughed Plaintiff due to Covid-19.

12. When Defendant began to bring employees back, Plaintiff again asked for additional time off due to her disability and was told it would be categorized as a 'voluntary separation.'

13. In and around March of 2020, Plaintiff expressed her interest in the position of Building Director, which once again became vacant.

14. In May of 2020, Plaintiff was told a similarly situated Caucasian employee was hired into the position of building director who had less experience and also did not possess a bachelors degree.

15. On May 27, 2020, Plaintiff was terminated.

16. Plaintiff was told she could not receive any accommodations for her disability because other coworkers at the Defendant suffered from Lupus and they "just dealt with it."

17. Plaintiff was not promoted due to her race.

18. Plaintiff was not promoted due to her disability.

19. Defendant interfered with Plaintiff's FMLA rights.

20. Defendant failed to accommodate Plaintiff.

21. Plaintiff was terminated in retaliation due to exercising her FMLA rights.

## COUNT I

22. Plaintiff incorporates by reference paragraphs 1-21.

23. Defendant, as a result of failing to promote Plaintiff due to her disability, violated Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

## COUNT II

24. Plaintiff incorporates by reference paragraphs 1-21.

25. Defendant, as a result of failing to accommodate Plaintiff, violated the Americans With Disabilities Act, 42 U.S.C.A. § 2000e-5.

## COUNT III

26. Plaintiff incorporates by reference paragraphs 1 -21.

27. Defendant, as a result of interfering with Plaintiff's FMLA rights, violated Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

## COUNT IV

28. Plaintiff incorporates by reference paragraphs 1 - 21.

29. Defendant, as a result of retaliating against Plaintiff, violated Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et seq.

## COUNT V

30. Plaintiff incorporates by reference paragraphs 1 - 21.

31. Defendant, as a result of failing to promote Plaintiff due to her race, violated Title VII 42 U.S.C. § 2000 et al.

## COUNT VI

32. Plaintiff incorporates by reference paragraphs 1 - 21.

33. Defendant, as a result of as a result of failing to promote Plaintiff due to her race, violated 42 U.S.C. § 1981.

34. Award Plaintiff back pay and benefits lost;

35. Award Plaintiff compensatory damages for future pecuniary loss, emotional pain and suffering, inconvenience, mental anguish and loss of enjoyment of life;

36. Award Plaintiff punitive damages;

37. Award Plaintiff her cost in this action and reasonable attorney fees;

38. Grant Plaintiff any other relief which is allowable under the circumstances of this case.

Respectfully Submitted

s//Sarah E. Larimer
Sarah E. Larimer, 36230-29
Attorney for Plaintiff

**REQUEST FOR JURY TRIAL**

Comes now the Plaintiff and requests that this cause be tried by a jury.

          Respectfully Submitted

          s//Sarah E. Larimer
          Sarah E. Larimer 36230-29
          Attorney for Plaintiff

Sarah E. Larimer 36230-29
Amber K. Boyd Attorney at Law
8510 Evergreen Avenue
Indianapolis, in 46240
(317) 210-3416