UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LATANYA IVENS,<br><br>    Plaintiff,<br><br>  v.<br><br>GK NORTH CHILDCARE CORP.,<br><br>    Defendant. | CAUSE NO. 3:21-CV-705 DRL-MGG |

OPINION & ORDER

Latanya Ivens is a Black woman suffering from lupus who has worked at GK North Childcare Corporation (GK) since 2002. On November 29, 2021, she filed an amended complaint against GK alleging retaliation and violations of the Family and Medical Leave Act (FMLA), *see* 29 U.S.C. § 2601 *et seq.*, a failure to accommodate under the Americans with Disabilities Act (ADA), *see* 42 U.S.C. § 12101 *et seq.*, and a failure to promote under the ADA, Title VII of the Civil Rights Act of 1964, *see* 42 U.S.C. § 2000e *et seq.*, and 42 U.S.C. § 1981. GK moved to dismiss counts 3 and 4 of the amended complaint pertaining to her claims for failure to promote. The court grants the motion.

BACKGROUND

These facts emerge from the well-pleaded factual allegations in the amended complaint, which the court must accept as true for purposes of deciding the motion today. Ms. Ivens began working for GK in December 2002. In March 2020, she was diagnosed with lupus; she became ill and informed GK that she may need time off and accommodations due to her condition. GK told her to wait to request time off and furloughed her due to COVID-19.

GK asked employees to return to work in May 2020, but Ms. Ivens informed human resources that she was unable to return to work because of her disability. She requested additional time off. The company denied her request. Ms. Ivens contacted GK's area manager to discuss her need for

additional time off, but she did not receive a response from the area manager. On May 27, 2020, Ms. Ivens was terminated as a no-call, no-show; however, she claims she did not commit a no-call, no-show as she informed GK that she could not return to work on May 26, 2020.

Ms. Ivens, on multiple occasions, previously applied for a building director position, but she was not promoted because she lacked a bachelor's degree. Around March 2020, she expressed interest in the newly vacant director position. In May 2020, she says a similarly situated non-disabled, Caucasian employee was hired as the director, though she had less experience than Ms. Ivens and also lacked a bachelor's degree. Ms. Ivens alleges GK failed to promote her due to her disability (count 3) and race (count 4).

## STANDARD

In reviewing the motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

This motion only concerns the failure to promote claims. Ms. Ivens says GK failed to promote her as a childcare building director because of her disability and race, thereby violating the ADA, Title VII, and 42 U.S.C. § 1981. She alleges she previously applied for the director position multiple times,

but in March 2020 she only "expressed her interest" in this position [ECF 13 ¶ 28]. She says GK hired a non-disabled and Caucasian employee who had less experience than she and lacked a bachelor's degree just like her.

Without any plausible facts of direct discrimination alleged within the amended complaint, *see Ortiz v. Werner Enters., Inc.*, 834 F.3d 760, 765 (7th Cir. 2016), to state a claim for failure to promote Ms. Ivens must establish that "(1) [she] belongs to a protected class, (2) [she] applied for and was qualified for the position sought, (3) [she] was rejected for that position and (4) the employer granted the promotion to someone outside of the protected group who was not better qualified than the plaintiff," *Grayson v. City of Chi.*, 317 F.3d 745, 748 (7th Cir. 2003) (Title VII); *see also McDaniel v. Progress Rail Locomotive, Inc.*, 940 F.3d 360, 368 (7th Cir. 2019) (using framework post-*Ortiz*); *Conley v. Vill. of Bedford Park*, 215 F.3d 703, 711 (7th Cir. 2000) (failure to promote under the ADA); *Gonzalez v. City of Gary*, 221 F.3d 1338 (Table), 3 (7th Cir. 2000) (assessing § 1981 claim for failure to promote the same as Title VII).

GK argues that the failure to promote allegations within the amended complaint fall short of stating facts that would support a plausible claim. GK says the amended complaint omits any allegation that Ms. Ivens qualified for the director position or that she even applied for it.

GK proffers an Indiana regulation that establishes that a childcare center director must possess a bachelor's or associate's degree of a certain ilk. *See* 470 IAC § 3-4.7-21(c). Ms. Ivens offers no facts in the amended complaint as to her experience or qualifications for this job to make her claims of discrimination plausible. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *see, e.g., Pafford v. Herman*, 148 F.3d 658, 669 (7th Cir. 1998) ("If the plaintiff was not qualified for any reason, then she falls short of establishing a prima facie case and there is no inference of discrimination."). Instead, she confirms that she lacked a bachelor's degree and proves silent on any other credential.

In addition, Ms. Ivens never alleges that she applied for the director position when GK ostensibly acted discriminatorily. This isn't about pleading some method-based elements of a claim but instead giving her claim enough factual support to render it plausible. Someone who has not applied for a position (or who by law fails to qualify for it) hardly can maintain that she was not hired because of a discriminatory purpose—at least on this pleading. She may have previously applied, but she never says GK acted unlawfully in choosing another applicant in those instances. This time, in March 2020, she only expressed interest in the position, but didn't apply. She never explains why under the law this would make her claim plausible and never contests the view that she, in fact, had not applied for the director position. *See Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) ("A complaint must allege facts to support a cause of action's basic elements; the plaintiff is required to do at least that much.").

Rule 8 requires a short and plain statement of a claim to be sure. Fed. R. Civ. P. 8(a)(2). That statement must plausibly show that the pleader is entitled to relief. *See id.*; *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570. In the whole of her standard of review, Ms. Ivens cites cases about pleading standards that all precede May 2007, and thus *Twombly* and *Iqbal*. She then applies these principles to oppose the motion, but that misses the need to state a plausible claim through sufficient facts. And that failing here requires the motion to be granted on the failure to promote claims in counts 3 and 4. *See also Ponziano v. W. & S. Life Ins. Co.*, 2012 U.S. Dist. LEXIS 40037, 8-9 (N.D. Ind. Mar. 23, 2012) (dismissing age and disability claims for failure to promote when the complaint "[did] not identify what promotion he sought, that he was qualified for the alleged promotion, or that he was the most qualified candidate").

When a complaint fails to state a claim for relief, a plaintiff is ordinarily given a chance to amend the complaint to correct the problem. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). Leave to amend need not be granted if amendment would be futile. *Garcia v. City of Chi.*, 24 F.3d 966,

970 (7th Cir. 1994). Once a plaintiff has had one or more opportunities to cure the defects but fails, the court may dismiss claims with prejudice. *See Dittman v. ACS Hum. Servs. LLC*, 2017 U.S. Dist. LEXIS 29242, 14-15 (N.D. Ind. Mar. 1, 2017) (dismissing plaintiff's third amended complaint with prejudice when plaintiff failed to allege sufficient factual matter and it appeared he would never be able to do so); *see also Norman v. N.W. Ind. CA Section 8*, 2021 U.S. Dist. LEXIS 183106, 12 (N.D. Ind. Sept. 24, 2021) (dismissing second amended complaint with prejudice when the plaintiff had been given opportunities to amend her complaint).

Ms. Ivens amended her original complaint in response to GK's first motion to dismiss, when she had the opportunity to cure defects in her complaint and to address GK's challenges from its initial motion to dismiss. Despite ample time for amendment, Ms. Ivens has not been able to scratch together facts that would support a plausible failure to promote claim. Further opportunity would be of no use. *See Combs v. Grand Vict. Casino & Resort*, 2008 U.S. Dist. LEXIS 75726, 8 (S.D. Ind. Sept. 30, 2008) (dismissing ADEA claims with prejudice, noting that "[a]s Plaintiffs filed an Amended Complaint in response to Defendant's previous motion to dismiss, Plaintiffs have already had ample time to cure this defect"); *Mitchell v. Muncie Cmty. Schs.*, 2016 U.S. Dist. LEXIS 69697, 21 n.3 (S.D. Ind. May 27, 2016) (dismissing hostile work environment claim with prejudice when the plaintiff amended his complaint once in response to a motion to dismiss, noting "[t]he Court is not required to give [the plaintiff] another chance to plead his hostile work environment claim because he has already had multiple opportunities to cure deficiencies in his pleadings").

## CONCLUSION

Accordingly, the court GRANTS GK's partial motion to dismiss [ECF 16] and DISMISSES the claims in counts 3 and 4 with prejudice. The case will proceed on the claims in counts 1 and 2 of the amended complaint.

SO ORDERED.

5

March 1, 2022                          *s/ Damon R. Leichty*
                                                     Judge, United States District Court